UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD W. CHAPMAN,

    Plaintiff,

v.                                                                       Case No. 8:24-cv-620-TPB-AAS

TRUIST BANK,

    Defendant.
_____/

## ORDER REMANDING CASE FOR LACK OF JURISDICTION

This matter is before the Court *sua sponte*. On March 8, 2024, Defendant Truist Bank removed this case based on diversity jurisdiction. (Doc. 1). Concerned about the existence of subject matter jurisdiction, on March 27, 2024, the Court directed Defendant to file a written response to support removal. (Doc. 7). On April 4, 2024, Defendant filed its response. (Doc. 10). Upon review of the notice of removal, complaint, response, court file, and record, the Court finds as follows:

### Background

On February 28, 2024, Plaintiff Ronald W. Chapman filed a *pro se* statement of claim or complaint against Defendant in state court. In his complaint, Plaintiff alleges that Defendant unlawfully removed or stole $175.00 from his bank account by improperly posting a charge to his account. He seeks $210,000 in damages – presumably consisting of $175.00 for the unauthorized charge, along with "compensatory damages of [his] credit score for the financial rape from Hertz Rental Car." On March 8, 2024, Defendant removed the case based on diversity jurisdiction,

citing to Plaintiff's claim for $210,000 in damages to support its position that the amount in controversy has been satisfied.

## Legal Standard

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

Although the notice of removal at one point cites 28 U.S.C. § 1331, it is clear from the remainder of the document that removal was based solely on diversity of citizenship under § 1332. However, in its response, Defendant primarily argues that this case should remain in federal court due to federal question jurisdiction. For the sake of completeness, the Court therefore addresses both diversity and federal question jurisdiction.

### *Diversity Jurisdiction*

Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where the (1) parties are completely diverse and (2) the amount in

---

[1] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

controversy exceeds $75,000.00. "[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

Generally, for the purpose of federal diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938); *see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."). However, dismissal for lack of jurisdiction is warranted where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Red Cab Co.*, 303 U.S. at 289.

Plaintiff demands $210,000 in damages in his complaint, which Defendant relies upon to support removal. Plaintiff specifically alleges that Defendant "stole" $175.00 from Plaintiff's bank account by improperly posting a charge. This amount is far below the threshold for diversity jurisdiction and far below the $210,000 in damages claimed by Plaintiff. Plaintiff does not specifically estimate the value of other compensatory damages, does not request punitive damages, and pleads no facts suggesting that his damages, including any damages resulting from changes to his credit score, could remotely approach the $210,000 purportedly suffered. *See Smith v. Synchrony Bank*, No. 6:17-cv-587-Orl-40TBS, 2017 WL 11036825, at *1-2 (M.D. Fla. Apr. 7, 2017), *report and recommendation adopted*, 2017 WL 11036824 (M.D. Fla. Apr. 25, 2017) (finding no plausible basis for diversity jurisdiction where *pro se* plaintiff

sought judgment in amount of $1,000,000 "to redress all losses, including credit score losses" in dispute over "a false late charge on $1,500 of credit card debt").

In its response, Defendant cites *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200 (11th Cir. 2019), to argue that damage to a credit score is a concrete injury. *Pinson* addresses Article III standing, not amount in controversy. Based on the factual allegations of the complaint, there is no good faith factual basis to support a claim for $75,000 in damages, let alone $210,000 in damages. To put it another way, it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *See Red Cab Co.*, 303 U.S. at 289. As such, Defendant fails to meet its burden to establish the amount in controversy for the purpose of diversity jurisdiction.

***Federal Question***

District courts have jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of § 1331, the Court applies the well-pleaded complaint rule to determine whether a claim arises under federal law. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001).

Plaintiff does not appear to assert a claim for relief under any federal statute, nor does his dispute depend on the resolution of any federal issue. *See Smith*, 236 F.3d at 1310 ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law") (internal quotations omitted); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). "[T]he plaintiff is the master of [its] own cause of action," and Defendant's attempt to inject a federal issue under the Fair Credit Reporting Act ("FCRA") – through Plaintiff's reference to non-party Hertz Rental Car's "rape" of Plaintiff's credit score and a vague reference to Defendant's conduct damaging his credit score – cannot serve as a basis for removal. *See King Provision Corp. v. Burger King Corp.*, 750 F. Supp. 501, 503 (M.D. Fla. 1990) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Defendant's reliance on *Arianas v. LVNV Funding, LLC*, No. 8:14-cv-1531-T-27EAJ, 2014 WL 5388167, at *1 (M.D. Fla. July 10, 2014), is misplaced. In *Arianas*, the plaintiff expressly asserted a claim based on the FCRA, and Plaintiff incorrectly argued that removal was improper because Congress had not granted concurrent jurisdiction of claims arising under the FCRA. That is not the case here, where Plaintiff has not asserted an FCRA claim in his complaint.

Defendant also cites to *Saho v. Equifax, Inc.*, No. 1:19-cv-4252-LMM-RGV, 2019 WL 11499337 (N.D. Ga. Oct. 31, 2019), to argue that the Court should construe Plaintiff's complaint liberally to state a cause of action under the FCRA. The plaintiff in *Saho* sued the major credit reporting agencies for inaccuracies in his credit report. Again, the instant case is factually and legally distinguishable – in the instant case, Plaintiff sues Defendant for an unauthorized charge and makes only two vague allusions to his credit score, one of which is solely attributable to non-party Hertz.

Although a *pro se* plaintiff may be entitled to more liberal construction of his filings, the Court is not permitted license to act as *de facto* counsel and rewrite the

entirety of a complaint on behalf of a *pro se* plaintiff, or on behalf of a removing defendant represented by counsel. *See United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). The complaint does not assert any claim arising under federal law. Consequently, Defendant fails to meet its burden to establish federal question jurisdiction.

## Conclusion

As the Court explained, removal statutes are strictly construed against removal, and any doubt as to the propriety of removal must be resolved in favor of remand. Defendant has failed to meet its burden to establish federal jurisdiction. As such, this case must be remanded.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of April, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**